IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Mark L. Blake, Jr., ) | C/A 2:14cv2036-DCN-WWD |
| Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| F. B. Waddell and A. Miller, ) | |
| Defendants. ) | |

This complaint brought pursuant to 42 U.S.C. § 1983[1] filed by the Plaintiff, Mark L. Blake, Jr., proceeding pro se and in forma pauperis, is before the undersigned United States Magistrate Judge in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina for a report and recommendation on the Defendants' motion for summary judgment filed on August 21, 2014 (Dkt. 23) and the Plaintiff's cross motion for summary judgment filed on October 16, 2014. (Dkt. 32).   Plaintiff, presently a pre-trial detainee at the Charleston County Detention Center,  alleges in his

---

[1] Section 1983, titled a "Civil Action for Deprivation of Rights," reads in relevant portion: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. §1983.

1

verified complaint[2] violations of his constitutional rights during his arrest and the search of his apartment by the named Defendants, both Officers of the Charleston County Sheriff's Department.   The Plaintiff seeks damages and the return of unspecified property taken during the complained of search.  In his motion for summary judgment he also indicates that certain statements and physical evidence should be excluded at trial.

On August 27, 2014,  the Plaintiff was provided a copy of the Defendants' motion and was given an explanation of dismissal and summary judgment procedure, as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).  On October 16, 2014, the Plaintiff filed his opposition to the summary judgment motion in the form of a cross motion for summary judgment with his affidavit and several exhibits. (Dkt. 32).   Hence, it appears consideration of the motions is appropriate.

LIBERAL CONSTRUCTION OF PRO SE COMPLAINT

The Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir.1978); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Haines, 404 U.S. at 520.  Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal. Id. at

---

[2]  In this Circuit, verified complaints by pro se litigants are to be considered as affidavits. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir.1991).

520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir.1999). A court may not construct the Plaintiff's legal arguments for him. Small v. Endicott, 998 F.2d 411, 417–18 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985).

## SUMMARY JUDGMENT STANDARD

Pursuant to FED.R.CIV.P. 56(c), a district court must enter judgment against a party who, "after adequate time for discovery ... fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). Where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law," entry of summary judgment is mandated. FED.R.CIV.P. 56(c).

To avoid summary judgment on the Defendants' motion, the Plaintiff must produce evidence creating a genuine issue of material fact. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512 (1986). Though the burden of proof rests initially with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the nonmoving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon the bald assertions of his pleadings. FED.R.CIV.P. 56(e). See First National Bank of Arizona v.

Cities Service Co., 391 U.S. 253, 289 (1968).

In determining whether a genuine issue of material fact is in dispute, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson at 255, 106 S.Ct. at 2513–14. In addition, genuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice. A trial is not an entitlement; it exists to resolve what reasonable minds would recognize as real factual disputes. See Cole v. Cole, 633 F.2d 1083, 1089 (4th Cir. 1980).

## BACKGROUND

Criminal charges are currently pending against Plaintiff Blake for Attempted Murder of a police officer, three counts of Distribution of Heroin, Trafficking in Cocaine, Trafficking in Heroin, possession of Heroin, possession of Cocaine, and two weapons charges. These charges stem from at least three different arrests, one of which is at issue in the instant case.

In this action the Plaintiff contends that the arrest of February 22, 2013, was unlawful as was the subsequent search of his residence; two deputies of the Charleston County Sheriff's Office violated his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. As a result, the Plaintiff claims evidence seized from his residence[3]

---

[3]Among the items seized from the residence were: 2 plastic bags of clear capsules, 3 cut plastic straws, 1 glass measuring cup with white powder residue, 2 wire whisks with white powder residue, a fork with white powder residue, a container containing 11 banded bundles and 1 loose bindle containing brown powder substance, paperwork in the name of "Mark L Blake", a bag containing 1 blue plastic grinder with green plant material, 1 scale containing off-white residue, a glass smoking pipe, a plastic bag containing an unknown quantity of bindles, a pack of "JB" rolling papers, paperwork in the name of "Domonique R Jeter", a payroll check in the name of "James Meyer", 1 multicolored glass smoking pipe, one 30-round .9mm caliber Glock firearm magazine, 3 scale weights, 1 metal smoking pipe, and a drivers license for Mark Blake. (Dkt. 23, Ex. G).

should be excluded at trial. (Dkt. 32). The Plaintiff claims malicious prosecution in that the Defendants "obtained defective arrest warrants, and then manipulated the judicial system and Plaintiff to correct their malfeasance, misfeasance actions." (Dkt. 1). In his own motion for summary judgment he further claims that the photographic line up which resulted in his identification was unlawful and that his identification therefrom should be excluded at trial. In addition, he was denied access to his attorney and was questioned repeatedly by the Defendants after they refused his demand to see his attorney three times. Therefore, the Plaintiff contends any evidence against him obtained from him before he saw his attorney should be inadmissible[4].

## DISCUSSION

A review of the record and relevant case law reveals that the court should exercise its discretion to stay the matter pending resolution of the Plaintiff's criminal charges relating to his arrest, search, and identification at issue here. See Blake v. Edwards, C/A No. 4:13–1498–CMC, 2013 WL 355414, D.S.C., 2013.

First, Fourth Amendment claims for unlawful searches and seizures accrue at the time of, or the termination of, the violation. Wallace v. Kato, 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). Even if no conviction could have been obtained in the absence of the violation, "the Supreme Court has held that, unlike fair trial claims, Fourth Amendment claims as a group do not necessarily imply the invalidity of a criminal conviction, and so such claims are not suspended under the Heck bar to suit."

---

[4] Similarly, the Plaintiff indicated that he can go no further in his statements to this court to defend against the Defendants' summary judgment motion unless he has an attorney to advise him.

5

Dominguez v. Hendley, 545 F.3d 585, 589 (7th Cir. 2008); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed. 2d 383 (1997).

In Heck, the Supreme Court held that a Plaintiff could not bring a Section 1983 action if a favorable judgment "would necessarily imply the invalidity of his conviction or sentence; if [so], the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated" by executive order, reversal on direct appeal, or writ of habeas corpus. 512 U.S. at 487. Therefore, the specific question is whether success in a Section 1983 suit would "negate an element of the offense." Id. at 486 n. 6. The Heck bar exists because the Court's respect for "finality and consistency" precludes a prisoner's use of Section 1983 to collaterally attack an outstanding conviction. Id. at 486.

Second, the rule in Heck, however, does not apply in the pre-conviction context, where criminal charges are still pending, as is the case here. See Wallace v. Kato, 549 U.S. 384, 393, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). The United States Supreme Court declined to so extend Heck because to do so would require the court to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the pending civil action will impugn that verdict." Id.

Instead, the Supreme Court stated that it is "common practice" for the district court to stay the matter, within its discretion:

> If a plaintiff files a [illegal search] claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. [Heck, 514 U.S.] at 487–488, n. 8, 114 S.Ct. 2364 (noting that "abstention may be an appropriate response to the parallel state-court proceedings"); Quackenbush v. Allstate Ins. Co., 517 U.S.

6

>
> 706, 730, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996).  If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit. Edwards v. Balisok, 520 U.S. 641, 649, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); Heck, 512 U.S., at 487, 114 S.Ct. 2364, 129 L.Ed.2d 383.

Id.

Third, the Court in Wallace also held that the statute of limitations on any claims the Plaintiff may have for unlawful seizure is not tolled during the pendency of the criminal proceedings. Id. at 397. "We hold that the statute of limitations upon a § 1983 claim seeking damages for a [claim of unlawful seizure] in violation of the Fourth Amendment, ... begins to run at the time" of the seizure. Id. As such, a Plaintiff may lose any cause of action he might have if the court were simply to dismiss the case until such time as the state criminal proceeding is terminated.

The Plaintiff's allegations in support of his claim are related to issues that will likely be ruled upon in the state court proceedings. Therefore, based on the guidance set forth by the Wallace Court, this case should be stayed pending resolution of the Plaintiff's relevant criminal charges.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the cross motions for summary judgment be denied at this time with leave to refile later, that any other outstanding motions be denied as not ripe for review, and that this action be stayed pending resolution of the criminal charges relevant to the Plaintiff's claims. It is further recommended that the Plaintiff be ordered to apprise the court of the status of the criminal proceedings every six (6) months and notify the court when the criminal charges are resolved and the stay can be lifted.  Last of all, it is recommended that this

matter be returned to the Magistrate Judge for further proceedings, including monitoring the progress of the underlying criminal matters.

IT IS SO RECOMMENDED

_/s/ Wallace W. Dixon_
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

October 21, 2014
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).