IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mark L. Blake, Jr., | ) | C/A No.: 2:14-cv-2036 DCN WWD |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| F.B. Waddell, and A. Miller, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The above referenced case is before this court upon the magistrate judge's recommendation that the cross motions for summary judgment be denied with leave to refile later, that any other outstanding motions be denied as not ripe for review, that this action be stayed pending resolution of the criminal charges relevant to plaintiff's claims, that plaintiff be ordered to apprise the court of the status of the criminal proceedings every six (6) months and to notify the court when criminal charges are resolved and the stay can be lifted, and that this matter be returned to the Magistrate Judge for further proceedings.

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. Thomas v Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. United States v.

Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984 ).[1]  **No objections have been filed to the magistrate judge's report and recommendation.**

A de novo review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law.  Accordingly, the magistrate judge's report and recommendation is **AFFIRMED**, the cross motions for summary judgement are **DENIED** with leave to refile later, the motion for polygraph testing is **DENIED** as not ripe for review, and this action is **STAYED** pending resolution of the criminal charges relevant to plaintiff's claims.

**IT IS FURTHER ORDERED** that plaintiff keep the court apprised as to the status of the criminal proceedings every six (6) months.  Plaintiff will notify the court when the criminal charges are resolved and the stay can be lifted.

**IT IS FURTHER ORDERED** that this matter is returned to the Magistrate Judge for further proceedings, including monitoring the progress of the underlying criminal matters.

**AND IT IS SO ORDERED**.

_____
David C. Norton
United States District Judge

November 18, 2014
Charleston, South Carolina

---

[1] In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal.  The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'"  Id. at 846.  Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.